**JONES et al. v. UNITED STATES.**

No. 12050.

United States District Court
S. D. California, Central Division.

Oct. 10, 1951.

---

178

Forster & Gemmill, Harry M. Halstead, Los Angeles, Cal., for plaintiffs.

Ernest A. Tolin, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Sp. Attys., Bureau of Internal Revenue, Los Angeles, Cal., for defendants.

WESTOVER, District Judge.

### Findings of Fact

1. This action arises under Title 28, Section 1346(a)(1) of the United States Code, and under the provisions of the Internal Revenue Laws of the United States, particularly Section 127 of the Internal Revenue Code, 26 U.S.C.A. § 127, for the recovery of internal revenue taxes, namely, income taxes, alleged by plaintiffs to have been erroneously and illegally assessed by the Commissioner of Internal Revenue and wrongfully collected by the defendant under the Internal Revenue Laws of the United States.

2. Plaintiff Ellen Van Duyn Jones, a. k. a. Ellen May Jones, is an adult citizen of the United States and is a resident of the State of California.

3. Plaintiff First National Trust and Savings Bank of San Diego, a California corporation, has its principal place of business at San Diego, California, and is administrator w/w/a of the will of H. H. Jones, a. k. a. Henry H. Jones, who was a resident of the State of California at the time of his death and whose estate was admitted to probate in the Superior Court of the State of California, in and for the County of San Diego, being Probate No. 37382.

4. Plaintiff Ellen Van Duyn Jones and the decedent, Henry H. Jones, here lawfully and properly represented by plaintiff First National Trust and Savings Bank of San Diego, were partners in the H. H. Jones Company, 306 San Fernando Street, San Diego, California, being a co-partnership of Ellen Van Duyn Jones and Henry H. Jones, also known as H. H. Jones. At all times during the existence of said partnership, including the calendar year 1941, each of the partners held a fifty per cent (50%) interest in the partnership, received their shares of the earnings and profits of that partnership during each of the said calendar years, and reported their shares of earnings and profits on Federal Income Tax Returns, duly filed.

5. The said H. H. Jones Company, during each and every calendar year herein mentioned, was the owner of fifty (50) shares of the capital stock of the Benson Super-Power Corporation, a Delaware corporation, having a cost basis of $10,003.31. The holding period of said stock dates from May 14, 1930.

6. The United States declared war on Germany and Italy on December 11, 1941.

7. Benson Super-Power Corporation was organized under the laws of the State

of Delaware, on or about July 13, 1922, and continued in existence under the laws of that state throughout the entire calendar year 1941. All of the valuable assets of the corporation on December 11, 1941, were in Germany. Except for the assets in Germany, the stock of Benson Super-Power Corporation was valueless.

8. The capital stock of the Benson Super-Power Corporation owned by the said H. H. Jones Company had some value on December 11, 1941, immediately prior to the declaration of war by the United States on Germany and Italy.

9. The capital stock of Benson Super-Power Corporation owned by the said H. H. Jones Company became worthless under the provisions of Section 127 of the Internal Revenue Code of the United States on December 11, 1941, and the said H. H. Jones Company is entitled to a war loss deduction for the calendar year 1941 in the amount of $10,003.31, and the taxable income received by the taxpayers as their share of the earnings and profits of the H. H. Jones Company for the calendar year 1941 was thereby decreased by the amount of $10,003.31, or $5,001.66 as to each taxpayer.

10. Plaintiff Ellen Van Duyn Jones and plaintiff First National Trust and Savings Bank of San Diego's testate, Henry H. Jones, were required by the Internal Revenue Code to return, and in their original returns they did so return, as income, their aforementioned one-half shares of the earnings and profits of the H. H. Jones Company, but failed in said original returns to claim said deduction of $10,003.31 for the calendar year 1941.

The total amount of taxes so reported in their original returns and assessed for said year are stated below, together with the amounts paid to the Collector by each taxpayer for such year:

1941

| | Reported Assessed | Paid quarterly 1942 |
|---|---|---|
| Henry H. Jones | $2,252.37 | $2,252.37 |
| Ellen Van Duyn Jones | $2,698.63 | $2,698.63 |

11. The plaintiffs duly filed claims for refund for the calendar year 1941 in the amount of $1,280.56 for Henry H. Jones and $1,434.20 for Ellen Van Duyn Jones. Said claims for refund were rejected in full by the defendant, and this action was brought within the statutory period for filing actions for refund of the amounts overpaid.

12. Plaintiff Ellen Van Duyn Jones is entitled to recover from the defendant the sum of $1,434.20 for income taxes illegally and erroneously collected by the defendant for the calendar year 1941, with interest thereon at the rate of six per cent (6%) per annum according to law, upon $1,345.98 thereof from September 8, 1942, and upon $88.22 thereof from May 28, 1942, to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue, and costs of the action.

13. Plaintiff First National Trust and Savings Bank of San Diego, administrator w/w/a of the will of H. H. Jones, a. k. a. Henry H. Jones, is entitled to recover from the defendant the sum of $1,280.56 for income taxes illegally and erroneously collected by the defendant for the calendar year 1941, with interest thereon at the rate of six per cent (6%) per annum according to law, upon $1,126.18 thereof from September 8, 1942, and upon $154.38 thereof from May 28, 1942, to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue, and costs of the action.

14. Plaintiffs are entitled to recover nothing by virtue of their second, third, fourth and fifth causes of action, the recoveries to which the plaintiffs are entitled as hereinabove described being on account of their first cause of action.

### Conclusions of Law

 The Court has jurisdiction of the parties and the subject matter of this action.

2. The plaintiffs have complied with the procedure prescribed by law for the recovery of income taxes alleged to have been

illegally and erroneously assessed to and wrongfully collected from the plaintiffs by the defendant under the Internal Revenue Laws of the United States, and are entitled to maintain this action.

3. The stock of Benson Super-Power Corporation became worthless on December 11, 1941, under the provision of Section 127 of the Internal Revenue Code, by virtue of the declaration of war by the United States on Germany on that date, since all of the valuable assets of said corporation were in Germany on that date.

4. The measure of the war loss sustained under Section 127 of the Internal Revenue Code on account of stock of Benson Super-Power Corporation becoming worthless is its cost basis of $10,003.31.

5. Plaintiffs are entitled to recover nothing by virtue of their second, third, fourth and fifth causes of action, the recoveries to which the plaintiffs are entitled as hereinabove described being on account of their first cause of action.